IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00048-WDM-BNB

HAL WILLIAM ROUECHE, SR.,
PAGAN ROUECHE, individually and as legal guardians and next friends of Hal William Roueche, Jr., an incapacitated person,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.
_____

**ORDER**
_____

This matter arises on the **Unopposed Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss** [Doc. # 55, filed 1/25/2010] (the "Motion to Stay").  The Motion to Stay is DENIED.

The Motion to Stay purports to be unopposed.  At the hearing on the motion this morning, however, counsel for the plaintiffs indicated that he has changed his position and now opposes a stay of discovery.

Hal Roueche, Sr., and Pagan Roueche are the parents and legal guardians of their incapacitated adult son, Hal Roueche, Jr.  They bring this action under the Federal Tort Claims Act against the United States asserting a claim of medical malpractice on behalf of their son.

Hal Roueche, Jr., suffered an incapacitating injury in January 2006.  In February 2006, Hal Roueche, Sr., and Pagan Roueche were appointed his guardians by the District Court of Las Animas County, Colorado.  The United States has filed a motion to dismiss this action, however,

claiming that Hal Roueche, Jr., has been restored to mental competency and is able to pursue this action on his own behalf.  Consequently, the United States argues, his guardians are not the real parties in interest.  The United States seeks to stay discovery until there is a ruling on the motion to dismiss.  In support of the Motion to Stay, the United States argues:

> With his own capacity to sue, . . . Mr. Roueche, Jr., may choose to retain different counsel than the current Plaintiffs' counsel, assert different causes of action--possibly against different defendants--and have different theories of his case that would necessitate different experts and different discovery than what has been arranged in the present action.  Thus, there is real risk that proceeding with the currently pending discovery--which includes depositions of multiple treating physicians and retained experts--would be a costly waste for the current Plaintiffs, in addition to being a waste for this Court and Defendant United States.

Motion to Stay at ¶4.

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending.  Instead, Rule 1 instructs that the Federal Rules shall be "construed and administered to secure the just, speedy, and inexpensive determination of every action, " and Rule 26(c) permits a court to make any order necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery.  In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake.  Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

FDIC v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987): accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same).  Considering

these factors leads me to conclude that a stay of discovery in this case is not warranted.

The average time from filing a dispositive motion to its determination in this district is more than six months.  Consequently, staying discovery while the defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences.  In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> * * *
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied far more often than they result in the termination of a case.  Consequently, without attempting to prejudge the district judge's ruling on the defendant's motion to dismiss, it is more likely than not from a statistical standpoint that a delay pending a ruling on the motion to dismiss would prove unnecessary.[1]

A defendant always is burdened when it is sued, whether the case ultimately is dismissed,

---

[1] I have reviewed the motion to dismiss filed by the United States, and it is not at all apparent that it will be granted, or even that the issue of Hal Roueche, Jr.'s, competency to proceed on his own should be brought in this court at all.  See section 15-14-301, C.R.S. (stating that a guardianship continues until terminated); section 15-14-318(2), C.R.S. (providing that a guardianship may be terminated on "petition of a ward, a guardian, or another person interested in the ward's welfare"); and Sanders v. Kansas Dept. of Social and Rehabilitation Services, 317 F. Supp. 2d 1233, 1239 (D. Kan. 2004)(holding that a federal court should await a competency determination by the state court "because it avoids the risk of inconsistent federal and state court adjudications, assures the parties of the application of well-established and uniform procedural standards, and lends certainty to the process by which incompetency may be found").

summary judgment is granted, the case is settled, or a trial occurs.  That is a consequence of our judicial system and the rules of civil procedure.  There is no special burden on the defendant in this case.

It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss.

Finally, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay be denied.

IT IS ORDERED that the Motion to Stay is DENIED.

Dated February 1, 2010.

              BY THE COURT:

               s/ Boyd N. Boland
              United States Magistrate Judge