IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00048-WDM-BNB

HAL WILLIAM ROUECHE, SR.,
PAGAN ROUECHE, individually and as legal guardians and next friends of Hal William Roueche, Jr., an incapacitated person,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

_____

**ORDER**
_____

This matter arises on the defendant's **Motion for Reconsideration of Order Denying Stay of Discovery Or, In the Alternative, Motion for Partial Stay of Discovery** [Doc. # 65, filed 2/5/2010] (the "Motion to Reconsider"), which is DENIED.

This is a medical malpractice case brought against the United States by Hal Roueche, Sr., and Pagan Roueche as the parents and legal guardians of their incapacitated adult son, Hal Roueche, Jr.  Hal Roueche, Jr., suffered an incapacitating injury in January 2006 while being treated at the San Luis Valley Regional Medical Center.

The United States filed a motion to dismiss claiming that Hal Roueche, Jr., has been restored to mental competency and is able to pursue this action on his own behalf. Consequently, the United States argues, his guardians are not the real parties in interest.

In February 2006, Hal Roueche, Sr., and Pagan Roueche were appointed guardians of their son by the District Court of Las Animas County, Colorado.  The state court order

appointing Hal Roueche, Sr., and Pagan Roueche as guardians remains valid. Section 15-14-301, C.R.S. (stating that a guardianship continues until terminated). Importantly, Hal Rouche, Jr., has never sought relief from that order, nor has the United States petitioned to terminate the guardianship. See section 15-14-318(2), C.R.S. (providing that a guardianship may be terminated on "petition of a ward, a guardian, or another person interested in the ward's welfare") (emphasis added); Sanders v. Kansas Dept. of Social and Rehabilitation Services, 317 F. Supp. 2d 1233, 1239 (D. Kan. 2004) (holding that a federal court should await a competency determination by the state court "because it avoids the risk of inconsistent federal and state court adjudications, assures the parties of the application of well-established and uniform procedural standards, and lends certainty to the process by which incompetency may be found").

The United States previously sought to stay discovery until there is a ruling on the motion to dismiss. Unopposed Motion to Stay Discovery [Doc. # 55, filed 1/25/2010]. I held a hearing on the motion to stay on February 1, 2010, and denied it after weighing the factors set out in String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006), and FDIC v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987). Order [Doc. # 61, filed 2/1/2010] at pp. 2-4. The United States now seeks reconsideration of my order denying a stay.

In Servants of Paraclete v. Does, 204 F.3d 1005 (10thCir. 2000), the Tenth Circuit Court of Appeals held with respect to motions for reconsideration:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to

2

> revisit issues already addressed or advance arguments that could have been raised in prior briefing.

Id. at 1012 (internal citations omitted).

Here, the United States begins its brief in support of the Motion to Reconsider by stating that the "bases for this motion" include "considerations--other than any perceived burden to the United States--<u>that may not have been sufficiently raised previously</u>." Motion to Reconsider [Doc. # 65] at p. 1 (emphasis added). The United States then relies principally on <u>Iqbal v. Ashcroft</u>, 129 S.Ct. 1937 (2009), arguing that it stands for the broad proposition that "discovery should not proceed when an action is defective." Motion to Reconsider [Doc. # 65] at p. 8.

First, <u>Iqbal</u> has nothing to do with this case, and the United States knows it. <u>Iqbal</u> concerns the duty to plead facts in a complaint sufficient to "state a claim to relief that is plausible on its face." <u>Id</u>. at 1949. Here, at issue is the propriety of staying an action pending the determination of a motion to dismiss concerning the real party in interest.

Second, <u>Iqbal</u> was decided in May 2009. The United States filed its motion to stay on January 25, 2010. The United States could and should have made its <u>Iqbal</u> argument in the motion to stay. A motion for reconsideration is not properly used to "advance arguments that could have been raised in prior briefing." <u>Servants of Paraclete</u>, 204 F.3d at 1012.

The United States' argument that the plaintiffs may not serve discovery because they are not parties because they are not the real parties in interest assumes that its motion to dismiss will be granted and ignores a validly existing state order appointing the plaintiffs as guardians. The argument is without merit.

Similarly, the United States argues that "the outcome of Mr. Rouche, Jr.'s[,] competency determination (in any court) will result in the need--at a minimum--for Plaintiffs to amend their

3

economic and vocational rehabilitation expert reports as these reports are based on the assumption that Mr. Rouche, Jr.[,] is an incapacitated person." Motion to Reconsider [Doc. # 65] at p. 7. The plaintiffs have made no such request, and the need to revise expert reports, in the event the state court's order of incapacity is upheld, escapes me.

I find that the United States' Motion to Reconsider is frivolous and is interposed for the improper purpose of delay. I caution the United States against further frivolous filings.

IT IS ORDERED that the Motion to Reconsider is DENIED.

Dated March 1, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge