IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 09-cv-00048-WDM-BNB

HAL WILLIAM ROUECHE, SR., and
PAGAN ROUECHE, individually and as legal guardians and next friends of
HAL WILLIAM ROUECHE, JR., an incapacitated person,

       Plaintiff,

v.

THE UNITED STATES OF AMERICA,

       Defendant.

---

## ORDER

Miller, J.

This matter is before me on Defendant's Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(1) or, in the Alternative, Motion for Summary Judgment under Rule 56, or, in the Alternative, Motion for Finding by the Court under Rule 52 (ECF No. 52). Plaintiffs oppose the motion (ECF No. 68).[1] For the reasons that follow the motion is denied.

## BACKGROUND

The United States claims that Plaintiffs Hal William Roueche, Sr. ("Father") and Pagan Roueche ("Mother") are not the proper plaintiffs in this medical malpractice lawsuit, which is brought for injuries to their adult son pursuant to the Federal Tort Claims Act ("FTCA") and in their individual capacities for damages arising from the

---

[1] Without filing a motion for leave to amend, the United States filed a Supplement to Motion to Dismiss (ECF No. 78). Plaintiffs responded (ECF No. 82) and the United States replied (ECF NO. 83).

United States' alleged negligence.  *See* Compl. at 9, ECF No. 1.  In early 2006, the Las Animas County District Court in Colorado appointed Father and Mother to be legal guardians and conservators for their then thirty-six year old son, Hal William Roueche, Jr. ("Mr. Roueche, Jr."), when he allegedly suffered an alcohol-induced brain injury.  His alleged brain injury forms the basis of this lawsuit.  At the time of their appointment, Mr. Roueche, Jr. was in and out of a coma-like state and unable to communicate.  He has recovered from his coma-like state and is now able to speak.

In January 2006, after being treated for alcohol withdrawal, hyponatremia (low sodium), and other medical complications at the San Luis Valley Regional Medical Center in Alamosa, a federally-funded community health center, Mr. Roueche, Jr. suffered from a neurologic disorder, for which he was hospitalized.  *See* Compl. at ¶¶ 5, 8, 9, 10, 23, 35, ECF No. 1;  Plaintiff's Resp. to Mot. to Strike at 1–2 ("treatment of alcohol withdrawal"), ECF No. 43.  Plaintiffs claim that Mr. Roueche, Jr. was injured by a too rapid treatment for low sodium, which allegedly damaged the protective layer covering the nerve cells in his brain stem.  Resp., Part I at 2, ECF No. 43; *see also*, Compl. ¶¶ 36–39, ECF No. 1.

Father and Mother were appointed by the Las Animas County District Court emergency legal guardians of Mr. Roueche, Jr. on February 17, 2006.  *See* Order for Appointment of Emergency Guardian, Ex. A to Mot., ECF No. 51.  At the time of the emergency appointment, Mr. Roueche, Jr.'s condition was such that he was hospitalized for treatment of central pontine and extra pontine myelinolisis, unable to manage his own affairs, and in need of transfer to a long-term care facility.  *See* Pet. for Appointment of Emergency Guardian, ECF No. 51.  Ultimately, Father and Mother were

appointed permanent co-guardians and co-conservators by the district court on April 18, 2006.  Order Appointing Permanent Co-Guardians and Co-Conservators, Ex. A to Mot. at 9, ECF No. 51.

In May 2006, Mr. Roueche, Jr. left hospitalization and moved in with his parents. *See* Mot. Ex. B, 54:21–25; 55:1–13, ECF No. 52-2.  His condition had changed to the point that he was conscious, walking and "had come a long way."  *Id.* at 122:2–11. Mother opined that this constituted a "change" in his condition from when she was first appointed co-guardian.  *Id.* at 55:21–24.  By November 2006, he had moved out of his parents' home to move in with his fiancée.  *See id.* at 60:16–25.  He proposed to his fiancée, lived with her, and plans to live with her again.  Mot. Ex. C, Dep. Tr. of Mr. Roueche, Jr. 49:7–25; 50:1–6; 58:16–17, ECF No. 52-3.  At the time the motion was filed, Mr. Roueche, Jr. was living with his father.  Mot. at ¶ 16, ECF No. 52.

Father and Mother are still Mr. Roeuche, Jr.'s guardians and conservators.  Decl. of Pl. Pagan Roueche, Resp. Ex. A at ¶¶ 2–3, ECF No. 68-1.  Neither Mr. Roueche, Jr., Father, nor Mother has sought to terminate the guardianship and conservatorship.  *See id.* at ¶¶ 5–7.

## STANDARD OF REVIEW

The United States seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the plaintiffs are not the real parties in interest. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter.  The determination of subject matter jurisdiction is a threshold question of law.  *Madsen v. United States ex. rel. United States Army Corps of Engineers*, 841 F.2d 1011, 1012

(10th Cir.1987).  As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.  *See* U.S. Const. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir.1994), *cert. denied*, 514 U.S. 1109 (1995).  Accordingly, we presume no jurisdiction exists absent a showing of proof by the party asserting federal jurisdiction." *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992).  The court applies a rigorous standard of review when presented with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  *Consumers Gas & Oil, Inc. v. Farmland Indus. Inc.*, 815 F.Supp. 1403, 1408 (D. Colo.1992). "[T]he party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kansas Dept. of Revenue,* 170 F.3d 1305, 1309 (10th Cir.1999); *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999) ("If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence.").

However, "a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case," which occurs when "subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  This court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b) of the FTCA.  *See Esposito v. United States*, 368 F. 3d 1271, 1273–74 (10th Cir. 2004). Accordingly, subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case, thereby requiring treatment of a Rule 12(b)(1) motion

as a Rule 12(b)(6) motion or a motion for summary judgment under Rule 56.

Under Fed. R. Civ. P. 12(b)(6), to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*). Under *Iqbal,* a court considering a motion to dismiss may first identify allegations that are no more than conclusions, and therefore not entitled to the assumption of truth. *Iqbal* at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Then, the court may examine the well-pleaded factual allegations and determine, assuming their veracity, "whether they plausibly give rise to an entitlement to relief."

## DISCUSSION

The United States asks me to rule on the issue of whether Mr. Roueche, Jr. is sufficiently recovered from his brain injury to no longer need his parents to maintain their co-guardianship and co-conservatorship over him and whether he is able to bring this case on his own. Plaintiffs state that the Las Animas County District Court has already ruled that Mr. Roueche, Jr. is incapacitated and contend that I do not need to take it up again.

A. Judicial Notice

The parties have cited certain filings and orders from the Las Animas County

5

District Court, *In the Matter of Hal William Roueche, Jr.*, Case No. 2006PR000011. I may take judicial notice of adjudicative facts that are not subject to reasonable dispute, whether requested or not. Fed. R. Evid. 201(a)–(c). "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. . . . This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citing *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000). Accordingly, I take judicial notice of filings and orders from the Las Animas County District Court; in particular that because of Mr. Roueche, Jr.'s incapacity, Mother and Father were appointed his guardians and conservators and that appointment has not been terminated. *See* Colo. Rev. Stat. §§ 15-14-112 and 15-14-318.

    B.    <u>Full Faith and Credit Clause; Capacity</u>

Although neither party raises the doctrine, I next consider whether the Full Faith and Credit Clause applies to the Las Animas County District Court's determination that Mr. Rouech, Jr. is incapacitated. U.S. Const. art. IV, § 1.

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." *Id.*

Title 28 U.S.C. § 1738 provides in pertinent part:

> Such . . . records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or

> usage in the courts of such State, Territory or Possession from which they are taken.

*Id.*

"The general rule is clearly stated: a state-court judgment commands the same *res judicata* effects in federal court that it would have in the court that entered it." *Id.* *See Allen v. McCurry*, 440 U.S. 90, 94 (1980); *see also*, *Growe v. Emison*, 507 U.S. 25 (1993) (holding district court erred, *inter alia,* in not deferring to state court's efforts to redraw legislative and congressional districts); U.S. Const. art. IV, § 1 and 28 U.S.C. § 1738. Federal courts do not sit in review of state court decision on matters of state law. *Rives v. Franklin Life Ins. Co.*, 792 F.2d 1324, 1328–29 (5th Cir. 1986) (citing *Sitton v. U.S.*, 413 F.2d 1386, 1389 (5th Cir. 1969), *cert. denied*, 397 U.S. 988 (1970)).

The capacity of an individual is determined by the law of the individual's domicile. *See* Fed. R. Civ. P. 17(b)(3). In Colorado, an incapacitated person is "an individual other than a minor, who is unable to effectively receive or evaluate information or both or make or communicate decisions to such an extent that the individual lacks the ability to satisfy essential requirements for physical health, safety, or self-care, even with appropriate and reasonably available technological assistance." Colo. Rev. Stat. § 15-14-102(5); *see also*, Colo. Rev. Stat. § 15-14-401(1)(b)(I) (requiring finding by clear and convincing evidence that individual incapacitated and unable to manage property and business affairs because he is unable to effectively receive and evaluate information or both or to make or communicate decisions, even with use of appropriate and reasonably available technological assistance).

The Las Animas County District Court found that Mr. Roueche, Jr. was incapacitated in April 2006. That court has continuing jurisdiction to vacate or amend

the order on proper showing.  *See Zimmerman v. Angele*, 321 P.2d 1105 (Colo. 1958). Having been determined to be incapacitated, the guardianship will terminate only upon Mr. Roeuche, Jr.'s death or upon order of the court.  *See* Colo. Rev. Stat. § 15-14-318. "On petition of the ward, guardian or another person interested in the ward's welfare, the court shall terminate a guardianship if the ward no longer meets the standards for establishing the guardianship."  *See* Colo. Rev. Stat. § 15-14-318(2).  Accordingly, only Mr. Roueche, Jr., his guardians, or another person interested in Mr. Roueche, Jr.'s welfare can petition the Las Animas County District Court to terminate the guardianship. *See id.*; *see also*, Colo. Rev. Stat. § 15-14-112 (termination or change in appointment).

The incapacity determination that the Colorado state district court made is equally binding on this court as it is on the state courts.  *See* 18B Wright & Miller, *Fed. Prac. & Proc. Juris.* § 4469; *see also*, *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996).  Pursuant to the Las Animas District Court's order, Mr. Roueche, Jr. requires permanent co-guardians and co-conservators.  *See* Order Appointing Permanent Co-Guardians and Co-Conservators at 9, ECF No. 51.

The United State asks me to consider testimony, motions, and orders from *In re the Marriage of Roueche*, District Court for the County of Alamosa, Colorado Case No. 2005 DR 82 (ECF Nos. 78-2 through 78-4), which the United States asserts show that Mr. Roueche, Jr. is no longer incapacitated.  The information does not provide me with jurisdiction to address Mr. Roueche, Jr.'s capacity to sue on his own behalf, however.

I am bound to extend full faith and credit to the Colorado court's judgment on this issue. Consequently, the question of Mr. Roueche, Jr.'s capacity is one for the Las Animas County District Court, not this court.  Pursuant to the Full Faith and Credit

8

Clause, I defer to the state court's ruling: Mr. Roueche, Jr. does not have capacity to sue on his own behalf.

### C. Standing to Sue on Behalf of Mr. Roueche, Jr.

The United States argues that Mr. Roueche, Jr. is the "real party in interest" to pursue this action. Fed. R. Civ. P. 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest." *Id.* The Tenth Circuit has held that this means that an action must "be brought in the name of the party who possesses the substantive right being asserted under the applicable law." *Esposito v. U.S.*, 368 F.3d at 1273 (quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 1541 at 321 (2d ed. 1990)). The law of the state where the alleged acts occurred governs the determination of real party in interest. *See Esposito*, 368 F.3d 1271, 1273–74 (10th Cir. 2004). Accordingly, in this case, Colorado law applies. *See* Compl. ¶¶ 7–11, ECF No. 1.

"[T]he function of the real party in interest rule is to ensure a proper *res judicata* effect by protecting the defendant against a subsequent suit by the person who is actually entitled to recover." *Ajay Sports, Inc. v. Casazza*, 1 P.3d 267, 272 (Colo. App. 2000). Plainly, Mr. Roueche, Jr. is the real party in interest. However, an incompetent person does not have capacity to sue. *See Cox v. Armstrong*, 122 Colo. 227, 230, 221 P.2d 371, 373 (1950).

Instead, Colo. Rev. Stat. § 13-81-102(1) gives "a legal representative appointed for a person under disability, all rights to take action, except rights of the person under disability against the legal representative himself or herself, vest in said legal

9

representative for the benefit of the person under disability. . . ." *Id.*; *see also,* Colo. R. Civ. P. 17(c) (A guardian, conservator or other like fiduciary may sue or defend on behalf of an incompetent person.).

Because his co-guardians and co-conservators bring Mr. Roueche, Jr.'s claim against the United States on his behalf, the claim is brought in the name of the real party in interest—Mr. Roueche, Jr. *See* Colo. Rev. Stat. § 13-81-102(1), Fed. R. Civ. P. 17(a)(1)(C) and (c)(1)(A) and (C), and Colo. R. Civ. P. 17(c). As co-guardians and co-conservators, Father and Mother have standing to bring this lawsuit on Mr. Roueche, Jr.'s behalf.[2]

On this record, therefore, the United States' Motion should be denied. If considered a motion to dismiss, the complaint states a plausible claim by Plaintiffs on behalf of Mr. Roueche, Jr. As a Motion for Summary Judgment, there can be no genuine issue of fact that Plaintiffs are entitled to proceed as a matter of law on the basis of the Colorado Court's order to proceed. For the same reason, Defendants cannot be entitled to the requested findings and conclusions pursuant to Rule 52(a)(1).

Accordingly, it is ORDERED:

Defendant's Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(1), or in the Alternative, Motion for Summary Judgment under Rule 56, or, in the Alternative, Motion for Finding by the Court under Rule 52 (ECF No. 52) is DENIED.

---

[2] The Complaint states that Father and Mother sue as "legal guardians and next friends" of Mr. Roeuche, Jr. Compl. at 1, ECF No. 1. The United States argues that Father and Mother must show that their involvement as "next friends" is necessary. Mot. at 8, ECF No. 52.
 A general guardian can sue or defend on behalf of the incompetent person. If the incompetent person has a general guardian, a "next friend" need not be appointed. *See* Fed. R. Civ. P. 17(c); Colo. Rev. Stat. §§ 13-81-102(1). Accordingly, Mr. Roueche, Jr.'s co-guardians suffice to act as his fiduciaries and to represent his interests in this matter.

DATED at Denver, Colorado, on August 10, 2010.

BY THE COURT:

s/ Walker D. Miller
United States District Judge